MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JEAN CHARLES ANTOINE QUARRATO,
*individually and on behalf of others similarly
situated,*

*Plaintiff*,

-against-

SAN PIETRO RESTAURANT INC.  (D/B/A
SAN PIETRO RESTAURANT), SISTINA
RESTAURANT INC. (D/B/A SISTINA),
GERARDO BRUNO, and GIUSEPPE
BRUNO,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jean Charles Antoine Quarrato ("Plaintiff Antoine" or "Mr. Antoine"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against San Pietro Restaurant Inc. (d/b/a San Pietro Restaurant), Sistina Restaurant Inc. (d/b/a Sistina), ("Defendant Corporations"), Gerardo Bruno and Giuseppe Bruno, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Antoine is a former employee of Defendants San Pietro Restaurant Inc. (d/b/a San Pietro Restaurant), Sistina Restaurant Inc. (d/b/a Sistina), Gerardo Bruno, and Giuseppe Bruno.

2.     Defendants own, operate, or control two Italian restaurants, one of which is located at 18 E. 54th St, New York, New York 10019 under the name "San Pietro Restaurant" and the other one is located at 24 E. 81st Street, New York, NY 10028 under the name "Sistina".

3.     Upon information and belief, individual Defendants Gerardo Bruno and Giuseppe Bruno, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.     Plaintiff Antoine was employed as a waiter and captain at the restaurants located at 18 E. 54th St, New York, New York 10019 and 24 E. 81st Street, New York, NY 10028.

5.     Plaintiff Antoine was ostensibly employed as a waiter and captain. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning glasses, cleaning syrups, cleaning the bar, cleaning the wine container, taking out trash, setting the tables and chairs, and taking them apart for closing, setting the flowers, moving the umbrella outdoors and back indoors (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Antoine worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Antoine appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Antoine the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Antoine as a waiter and captain in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Antoine at the lowered tip-credited rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Antoine 's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Antoine 's actual duties in payroll records by designating him as a waiter and captain instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Antoine at the minimum wage rate and enabled them to pay him at the tip-credit rate.

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Antoine's and other tipped employees' tips and made unlawful deductions from Plaintiff Antoine's and other tipped employees' wages.

14.    Defendants' conduct extended beyond Plaintiff Antoine to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antoine and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Antoine now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Antoine seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Antoine 's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Italian restaurants located in this district. Further, Plaintiff Antoine was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.     Plaintiff Jean Charles Antoine Quarrato ("Plaintiff Antoine " or "Mr. Antoine ") is an adult individual residing in Kings County, New York.

21.     Plaintiff Antoine was employed by Defendants at San Pietro from approximately November 2012 until on or about January 2014 and at Sistina from approximately September 1, 2016 until on or about February 21, 2018.

22.     Plaintiff Antoine consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled two Italian restaurants, located at 18 E. 54th St, New York, New York 10019 under the name "San Pietro Restaurant" and at 24 E. 81st Street, New York, NY 10028 under the name "Sistina".

24.     Upon information and belief, San Pietro Restaurant Inc. (d/b/a San Pietro Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 E. 54th St, New York, New York 10019.

25.     Upon information and belief, Sistina Restaurant Inc. (d/b/a Sistina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 24 E. 81st Street, New York, NY 10028.

26.     Defendant Gerardo Bruno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gerardo Bruno is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Gerardo Bruno possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Antoine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Giuseppe Bruno is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Giuseppe Bruno is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Giuseppe Bruno possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Antoine, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate Italian restaurants located in multiple neighborhoods in Manhattan.

29.     Individual Defendants, Gerardo Bruno and Giuseppe Bruno, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Antoine's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Antoine, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Antoine (and all similarly situated employees) and are Plaintiff Antoine 's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Antoine and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Gerardo Bruno and Giuseppe Bruno operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Antoine's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Antoine, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Antoine 's services.

36.     In each year, from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Antoine is a former employee of Defendants who ostensibly was employed as a waiter and captain. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Antoine seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jean Charles Antoine Quarrato*

40.     Plaintiff Antoine was employed by Defendants from approximately November 2012 until on or about January 2014 and from approximately September 1, 2016 until on or about February 21, 2018.

41.     Defendants ostensibly employed Plaintiff Antoine as waiter and captain.

42.     However, Plaintiff Antoine was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Antoine ostensibly was employed as waiter and captain, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Antoine regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Antoine's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Antoine regularly worked in excess of 40 hours per week.

47.     From approximately November 2012 until on or about January 2014, Plaintiff Antoine worked at San Pietro from approximately 10:00 a.m. until on or about 3:00 p.m. or 3:30 p.m. and from 5:00 p.m. until on or about 11:00 p.m. or 12:00 a.m. 6 days a week (typically 68 hours per week). However, Plaintiff Antoine worked one less evening shift per week approximately 40% of the time.

48.     From approximately September 1, 2016 until on or about September 30, 2016, Plaintiff Antoine worked at Sistina from approximately 3:00 p.m.  until on or about 12:00 a.m. or 1:00 a.m., 6 days per week (typically 57 hours per week).

49.     From approximately October 2016 until on or about January 2017, Plaintiff Antoine worked at Sistina from approximately 3:00 p.m. until on or about 12:00 a.m. or 1:00 a.m., 7 days per week (typically 66.5 hours per week).

50.     From approximately January 2017 until on or about February 2018, Plaintiff Antoine worked at Sistina from approximately 3:00 p.m. until on or about 12:00 a.m. or 1:00 a.m., 6 or 7 days per week (typically 59 hours per week).

51.     Throughout his employment, Defendants paid Plaintiff Antoine his wages by check.

52.     From approximately November 2012 until on or about January 2014, Defendants paid Plaintiff Antoine $5.00 per hour for his regular hours and at varying rates that ranged from approximately $8.65 to $12.98 per hour for some of his overtime hours.

53.     From approximately September 2016 until on or about December 2017, Defendants paid Plaintiff Antoine $7.50 per hour for his regular hours and at varying rates that ranged from approximately $12.35 to $13.00 per hour for some of his overtime hours.

54.     However, for one week in December 2017, Plaintiff Antoine was paid $11.00 per hour for his regular hours.

55.     From approximately January 2018 until on or about February 21, 2018, Defendants paid Plaintiff Antoine $8.65 per hour for his regular hours and $15.15 per hour for some of his overtime hours.

56.     Plaintiff Antoine's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     For example, Defendants regularly required Plaintiff Antoine to work at least 1 hour past his scheduled departure time, and did not pay him for the additional time he worked.

58.     In addition, Defendants deducted approximately $3 from Plaintiff Antoine's daily wages for meals he never ate.

59.     Plaintiff Antoine was never notified by Defendants that his tips were being included as an offset for wages.

60.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Antoine 's wages.

61.     Defendants withheld a portion of Plaintiff Antoine's tips.

62.     Although Plaintiff Antoine was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Antoine was not compensated for all of the hours that he worked.

63.     Defendants took improper and illegal deductions from Plaintiff Antoine's wages; specifically, for making errors with orders.

64.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Antoine regarding overtime and wages under the FLSA and NYLL.

65.     Defendants did not provide Plaintiff Antoine an accurate statement of wages, as required by NYLL 195(3).

66.     Defendants did not give any notice to Plaintiff Antoine, in English and in Italian (Plaintiff Antoine 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Antoine to purchase "tools of the trade" with his own funds—including work uniforms.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Antoine (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

69.     Plaintiff Antoine was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Antoine not receiving payment for all his hours worked, and resulted in Plaintiff Antoine's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required Plaintiff Antoine to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.     Defendants required Plaintiff Antoine and all other tipped employees to perform general non-tipped tasks in addition to their primary duties as tipped employees.

73.     Plaintiff Antoine and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

74.     Plaintiff Antoine 's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

75.     Plaintiff Antoine and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

76.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Antoine's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

77.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     In violation of federal and state law as codified above, Defendants classified Plaintiff Antoine and other tipped workers as tipped employees, and paid them at a rate that was at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.     Defendants failed to inform Plaintiff Antoine who received tips that Defendants intended to take a deduction against Plaintiff Antoine 's earned wages for tip income, as required by the NYLL before any deduction may be taken.

80.     Defendants failed to inform Plaintiff Antoine who received tips, that his tips were being credited towards the payment of the minimum wage.

81.     Defendants failed to maintain a record of tips earned by Plaintiff Antoine who worked as a waiter and captain for the tips he received.

82.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Antoine worked.

83.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Antoine who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped employees of a portion of the tips earned during the course of employment.

84.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

85.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

86.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

87.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Antoine (and similarly situated individuals) worked, and to avoid paying Plaintiff Antoine properly for his full hours worked.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Antoine and other similarly situated former workers.

91.     Defendants failed to provide Plaintiff Antoine and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Antoine  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.      Plaintiff Antoine brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.      At all relevant times, Plaintiff Antoine and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

95.      The claims of Plaintiff Antoine stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

96.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants were Plaintiff Antoine's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Antoine (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.     Defendants failed to pay Plaintiff Antoine (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.     Defendants' failure to pay Plaintiff Antoine (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiff Antoine (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

103.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Antoine (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.     Defendants' failure to pay Plaintiff Antoine (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiff Antoine (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.      Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants were Plaintiff Antoine's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Antoine, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

109.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Antoine less than the minimum wage.

110.     Defendants' failure to pay Plaintiff Antoine the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.     Plaintiff Antoine was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

112.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

113.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Antoine   overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.     Defendants' failure to pay Plaintiff Antoine overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.     Plaintiff Antoine was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

116.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

117.     Defendants failed to pay Plaintiff Antoine one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Antoine's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

118.     Defendants' failure to pay Plaintiff Antoine an additional hour's pay for each day Plaintiff Antoine 's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

119.     Plaintiff Antoine was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

120.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

121.     Defendants failed to provide Plaintiff Antoine with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

122.     Defendants are liable to Plaintiff Antoine in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

123.     Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

124.     With each payment of wages, Defendants failed to provide Plaintiff Antoine  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

125.     Defendants are liable to Plaintiff Antoine in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

126.      Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

127.     Defendants required Plaintiff Antoine to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

128.     Plaintiff Antoine was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

129.      Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

130.     At all relevant times, Defendants were Plaintiff Antoine 's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

131.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

132.     Defendants unlawfully misappropriated a portion of Plaintiff Antoine's tips that were received from customers.

133.     Defendants knowingly and intentionally retained a portion of Plaintiff Antoine's tips in violations of the NYLL and supporting Department of Labor Regulations.

134.     Plaintiff Antoine was damaged in an amount to be determined at trial.

<u>**TENTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

135.      Plaintiff Antoine repeats and realleges all paragraphs above as though fully set forth herein.

136.     At all relevant times, Defendants were Plaintiff Antoine's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

137.     Defendants made unlawful deductions from Plaintiff Antoine's wages including, but not limited to, deductions for meals he never ate.

138.     The deductions made from Plaintiff Antoine's wages was not authorized or required by law.

139.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Antoine's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

140.     Plaintiff Antoine was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Antoine respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antoine and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Antoine and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Antoine 's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Antoine and the FLSA Class members;

(f)     Awarding Plaintiff Antoine and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Antoine and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antoine;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Antoine;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Antoine;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Antoine's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Antoine;

(m)    Awarding Plaintiff Antoine damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Antoine damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Antoine liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Antoine and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Antoine and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Antoine demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 28, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:          /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                        Telephone: (212) 317-1200
New York, New York 10165                                                         Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 30, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jean Charles Antoine Quarrato

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           30 de julio de 2018

*Certified as a minority-owned business in the State of New York*