UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEAN CHARLES ANTOINE QUARRATO,
*individually and on behalf of others similarly
situated*,

                    Plaintiff,

          -against-

SAN PIETRO RESTAURANT INC. (d/b/a SAN
PIETRO RESTAURANT), SISTINA
RESTAURANT INC. (d/b/a SISTINA), GERARDO
BRUNO, AND GIUSEPPE BRUNO,

                    Defendants.
_____

18 Civ. 08898 (PAE) [consolidated with 17 Civ. 3160 (PAE) and 18 Civ. 00291 (PAE)]

**ANSWER TO COMPLAINT**

Defendants San Pietro Restaurant, Inc. ("San Pietro"), Sistina Restaurant Inc. ("Sistina"), Gerardo Bruno and Giuseppe Bruno (together, "Defendants"), by their attorneys, Akerman LLP, as and for their Answer to the Complaint filed by Jean Charles Antoine Quarrato ("Plaintiff") respectfully allege as follows:

### ANSWERING NATURE OF THE ACTION

1.     Deny the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiff is a former employee of San Pietro and Sistina.

2.     Deny the allegations set forth in Paragraph "2" of the Complaint, except admit that there are restaurants named San Pietro Restaurant at 18 East 54th Street, New York, New York 10022 and Sistina at 24 East 81st Street, New York, New York 10028.

3.     Deny the allegations as set forth in Paragraph "3" of the Complaint.

4.     Deny the allegations set forth in Paragraph "4" of the Complaint, except admit that Plaintiff is a former employee of San Pietro and Sistina.

5.     Deny the allegation set forth in Paragraph "5" of the Complaint.

6.     Deny the allegations set forth in Paragraph "6" of the Complaint.

7.      Deny the allegations set forth in Paragraph "7" of the Complaint.

8.      Deny the allegations set forth in Paragraph "8" of the Complaint.

9.      Deny the allegations set forth in Paragraph "9" of the Complaint.

10.      Deny the allegations set forth in Paragraph "10" of the Complaint and the assertion that Defendants could not apply the tip-credit rate.

11.      Deny the allegations set forth in Paragraph "11" of the Complaint and respectfully leave all questions of law to this Court.

12.      Deny the allegations set forth in Paragraph "12" of the Complaint.

13.      Deny the allegations set forth in Paragraph "13" of the Complaint.

14.      Deny the allegations set forth in Paragraph "14" of the Complaint.

15.      Deny the allegations set forth in Paragraph "15" of the Complaint.

16.      Deny the allegations set forth in Paragraph "16" of the Complaint, except admit that Plaintiff purports to state the basis of his claim in this Court, and respectfully refer all questions of law to this Court.

17.      Deny the allegations set forth in Paragraph "17" of the Complaint, except admit that Plaintiff purports to bring this action on behalf of himself and others under 29 U.S.C. § 216(b), and respectfully refer all questions of law to this Court.

## ANSWERING JURISDICTION AND VENUE

18.      Deny the allegations set forth in Paragraph "18" of the Complaint, except admit that Plaintiff purports to state the basis for jurisdiction in this Court, and respectfully refer all questions of law to this Court.

19.     Deny the allegations set forth in Paragraph "19" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court, and respectfully refer all questions of law to this Court.

### ANSWERING PARTIES

20.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "20" of the Complaint

21.     Deny the allegations set forth in Paragraph "21" of the Complaint, except admit that Plaintiff was employed by San Pietro and Sistina.

22.      Deny the allegations set forth in Paragraph "22" of the Complaint, except admit that Plaintiff purports to bring these claims as a representative party under 29 U.S.C. § 216(b).

23.     Deny the allegations set forth in Paragraph "23" of the Complaint except admit that there are restaurants named San Pietro Restaurant at 18 East 54th Street, New York, New York 10022 and Sistina at 24 East 81st Street, New York, New York 10028.

24.     Deny the allegations set forth in Paragraph "24" of the Complaint, except admit that San Pietro is incorporated pursuant to the law of the State of New York and is located at 18 East 54th Street, New York, New York 10022.

25.     Deny the allegations set forth in Paragraph "25" of the Complaint, except admit that Sistina is incorporated pursuant to the law of the State of New York and is located at 24 East 81st Street, New York, New York 10028.

26.     Deny the allegations as set forth in Paragraph "26" of the Complaint.

27.     Deny the allegations as set forth in Paragraph "27" of the Complaint.

### ANSWERING FACTUAL ALLEGATIONS

28.     Deny the allegations set forth in Paragraph "28" of the Complaint.

29.     The allegations contained in Paragraph "29" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

30.     Deny the allegations set forth in Paragraph "30" of the Complaint.

31.     Deny the allegations set forth in Paragraph "31" of the Complaint.

32.     The allegations contained in Paragraph "32" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

33.     The allegations contained in Paragraph "33" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

34.     The allegations contained in Paragraph "34" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

35.     The allegations contained in Paragraph "35" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

36.     Deny the allegations set forth in Paragraph "36" of the Complaint.

37.     The allegations contained in Paragraph "37" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

38.     Deny the allegations set forth in Paragraph "38" of the Complaint, except admit that Plaintiff is a former employee.

39.     Deny the allegations set forth in Paragraph "39" of the Complaint, except admit that Plaintiff purports to bring this action on behalf of others under 29 U.S.C. § 216(b).

40.     Deny the allegations set forth in Paragraph "40" of the Complaint, except admit that Plaintiff was employed.

41.     Deny the allegations set forth in Paragraph "41" of the Complaint, except admit that Plaintiff was employed.

42.     Deny the allegations set forth in Paragraph "42" of the Complaint.

43.     Deny the allegations set forth in Paragraph "43" of the Complaint.

44.     Deny the allegations set forth in Paragraph "44" of the Complaint.

45.     Deny the allegations set forth in Paragraph "45" of the Complaint.

46.     Deny the allegations set forth in Paragraph "46" of the Complaint.

47.     Deny the allegations set forth in Paragraph "47" of the Complaint.

48.     Deny the allegations set forth in Paragraph "48" of the Complaint.

49.     Deny the allegations set forth in Paragraph "49" of the Complaint.

50.     Deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Admit the allegations set forth in Paragraph "51" of the Complaint.

52.     Deny the allegations set forth in Paragraph "52" of the Complaint.

53.   Deny the allegations set forth in Paragraph "53" of the Complaint.

54.   Deny the allegations set forth in Paragraph "54" of the Complaint.

55.   Deny the allegations set forth in Paragraph "55" of the Complaint.

56.   Deny the allegations set forth in Paragraph "56" of the Complaint.

57.   Deny the allegations set forth in Paragraph "57" of the Complaint.

58.   Deny the allegations set forth in Paragraph "58" of the Complaint.

59.   Deny the allegations set forth in Paragraph "59" of the Complaint.

60.   Deny the allegations set forth in Paragraph "60" of the Complaint.

61.   Deny the allegations set forth in Paragraph "61" of the Complaint.

62.   Deny the allegations set forth in Paragraph "62" of the Complaint.

63.   Deny the allegations set forth in Paragraph "63" of the Complaint.

64.   Deny the allegations set forth in Paragraph "64" of the Complaint.

65.   Deny the allegations set forth in Paragraph "65" of the Complaint.

66.   Deny the allegations set forth in Paragraph "66" of the Complaint.

67.   Deny the allegations set forth in Paragraph "67" of the Complaint.

68.   Deny the allegations set forth in Paragraph "68" of the Complaint.

69.   Deny the allegations set forth in Paragraph "69" of the Complaint.

70.   Deny the allegations set forth in Paragraph "70" of the Complaint.

71.   Deny the allegations set forth in Paragraph "71" of the Complaint.

72.   Deny the allegations set forth in Paragraph "72" of the Complaint.

73.   Deny the allegations set forth in Paragraph "73" of the Complaint.

74.   Deny the allegations set forth in Paragraph "74" of the Complaint.

75.   Deny the allegations set forth in Paragraph "75" of the Complaint.

76.     Deny the allegations set forth in Paragraph "76" of the Complaint and respectfully refer all questions of law to this Court.

77.     The allegations contained in Paragraph "77" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

78.     Deny the allegations set forth in Paragraph "78" of the Complaint.

79.     Deny the allegations set forth in Paragraph "79" of the Complaint.

80.     Deny the allegations set forth in Paragraph "80" of the Complaint.

81.     Deny the allegations set forth in Paragraph "81" of the Complaint.

82.     Deny the allegations set forth in Paragraph "82" of the Complaint.

83.     Deny the allegations set forth in Paragraph "83" of the Complaint.

84.     Deny the allegations set forth in Paragraph "84" of the Complaint.

85.     The allegations contained in Paragraph "85" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

86.     Deny the allegations set forth in Paragraph "86" of the Complaint.

87.     Deny the allegations set forth in Paragraph "87" of the Complaint.

88.     Deny the allegations set forth in Paragraph "88" of the Complaint.

89.     Deny the allegations set forth in Paragraph "89" of the Complaint.

90.     Deny the allegations set forth in Paragraph "90" of the Complaint.

91.     Deny the allegations set forth in Paragraph "91" of the Complaint.

92.     Deny the allegations set forth in Paragraph "92" of the Complaint.

**ANSWERING FLSA COLLECTIVE ACTION CLAIMS**

93.     Deny the allegations set forth in Paragraph "93" of the Complaint, except admit that Plaintiff purports to bring this action on behalf of himself and others, and respectfully refer all questions of law to this Court.

94.     Deny the allegations set forth in Paragraph "94" of the Complaint, except admit that Plaintiff purports to state the basis for his collective action, and respectfully refer all questions of law to this Court.

95.     Deny the allegations set forth in Paragraph "95" of the Complaint.

**ANSWERING COUNT I**

96.     Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 95 of the Complaint.

97.     The allegations contained in Paragraph "97" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

98.     The allegations contained in Paragraph "98" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

99.     The allegations contained in Paragraph "99" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding

the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

100.    Deny the allegations set forth in Paragraph "100" of the Complaint, and that was any violation of the law.

101.    Deny the allegations set forth in Paragraph "101" of the Complaint, and that there was any violation of the law.

102.    Deny the allegations set forth in Paragraph "102" of the Complaint.

## ANSWERING COUNT II

103.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 102 of the Complaint.

104.    Deny the allegations set forth in Paragraph "104" of the Complaint.

105.    Deny the allegations set forth in Paragraph "105" of the Complaint and, that there was any violation of the law.

106.    Deny the allegations set forth in Paragraph "106" of the Complaint.

## ANSWERING COUNT III

107.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 106 of the Complaint.

108.    The allegations contained in Paragraph "108" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

109.    Deny the allegations set forth in Paragraph "109" of the Complaint.

110.    Deny the allegations set forth in Paragraph "110" of the Complaint and, that there was any violation of the law.

111.    Deny the allegations set forth in Paragraph "111" of the Complaint.

### ANSWERING COUNT IV

112.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 111 of the Complaint.

113.    Deny the allegations set forth in Paragraph "113" of the Complaint.

114.    Deny the allegations set forth in Paragraph "114" of the Complaint and, that there was any violation of the law.

115.    Deny the allegations set forth in Paragraph "115" of the Complaint.

### ANSWERING COUNT V

116.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 116 of the Complaint.

117.    Deny the allegations set forth in Paragraph "117" of the Complaint.

118.    Deny the allegations set forth in Paragraph "118" of the Complaint and, that there was any violation of the law.

119.    Deny the allegations set forth in Paragraph "119" of the Complaint.

### ANSWERING COUNT VI

120.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 119 of the Complaint.

121.    Deny the allegations set forth in Paragraph "121" of the Complaint.

122.    Deny the allegations set forth in Paragraph "122" of the Complaint.

**ANSWERING COUNT VII**

123.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 122 of the Complaint.

124.    Deny the allegations set forth in Paragraph "124" of the Complaint.

125.    Deny the allegations set forth in Paragraph "125" of the Complaint.

**ANSWERING COUNT VIII**

126.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 125 of the Complaint.

127.    Deny the allegations set forth in Paragraph "127" of the Complaint.

128.    Deny the allegations set forth in Paragraph "128" of the Complaint.

**ANSWERING COUNT IX**

129.    Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 128 of the Complaint.

130.    The allegations contained in Paragraph "130" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

131.    The allegations contained in Paragraph "131" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

132.    Deny the allegations set forth in Paragraph "132" of the Complaint.

133.    Deny the allegations set forth in Paragraph "133" of the Complaint.

134.     Deny the allegations set forth in Paragraph "134" of the Complaint.

## ANSWERING COUNT X

135.     Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 134 of the Complaint.

136.     The allegations contained in Paragraph "136" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusions regarding the purported nature of the action to which no responsive pleading is required, and Defendants respectfully refer all questions of law to this Court.

137.     Deny the allegations set forth in Paragraph "137" of the Complaint.

138.     Deny the allegations set forth in Paragraph "138" of the Complaint.

139.     Deny the allegations set forth in Paragraph "139" of the Complaint, and that there was any violation of the law.

140.     Deny the allegations set forth in Paragraph "140" of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" section in the Complaint.

## DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof the Defendants do not have as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

- 12 -

## SECOND AFFIRMATIVE DEFENSE

At no point relevant hereto, were Defendants an "employer" of Plaintiff within the meaning of the FLSA and/or the NYLL.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not a proper party in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

At no point relevant hereto, did Defendants "suffer or permit" Plaintiff to perform any compensable services for which he is entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

At no point relevant hereto, did Plaintiff work any hour for which he was not compensated in accordance with that which is required by the FLSA and/or NYLL.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA must be dismissed, in whole or in part, pursuant to Section 10 of the Portal-to-Portal Act, because all of Defendants' challenged actions and/or omissions were taken in good faith, and in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor, or any administrative practice or enforcement policy of the Division with respect to the class of employers to which Defendants belong.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA for liquidated damages must be dismissed, in whole or in part, pursuant to Section 11 of the Portal-to-Portal Act, because at all times relevant hereto, Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA and/or NYLL are barred to the extent that his alleged work activities are not compensable under such statutes.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the NYLL for liquidated damages must be dismissed, in whole or in part, because at all times relevant hereto, Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was provided with any and all necessary notices and was properly paid.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity provided under either the FLSA or NYLL, including all affirmative defenses related to Plaintiff's claims, including but not limited to, those related to NYLL secs. 195(1) and (3).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrines of unclean hands, estoppel, after-acquired evidence, election of remedies, laches, accord and/or satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages and/or attorneys' fees, if any, are not recoverable under every cause of action alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by such Plaintiff's own culpable conduct, including, without limitation, such Plaintiff's failure to inform his supervisors of all time worked. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff prevails, his claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or post-liminary to his principal activities.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, the suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

At all relevant times hereto, Plaintiff's compensation and notice of wages and pay has been in accordance with each and every provision of the New York Labor Law and regulations, and the defenses and affirmative defenses set forth therein.

**RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES**

Defendants hereby reserve the right to amend their Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action and all other and further relief that this Court deems just and proper.

Dated:          New York, New York
                October 19, 2018

                                        AKERMAN LLP


                                        By:  ___/s/ Bran Noonan___
                                             *Attorneys for Defendants*
                                             666 Fifth Avenue, 20th Floor
                                             New York, New York 10138
                                             212-259-6430